IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

      v.                                          06-cr-50-bbc-01

TYRONE ROBINSON,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Tyrone Robinson's supervised release was held on November 16, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Meredith P. Duchemin. Defendant was present in person and by counsel, Amber D. Lucsay. Also present was Senior United States Probation Officer Michael D. Harper.

      From the record and stipulation, I make the following findings of fact.

FACTS

      Defendant was sentenced in the Western District of Wisconsin on August 23, 2006, following his conviction for bank fraud, in violation of 18 U.S.C. § 1344. This offense is a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to serve

a term of imprisonment of 12 months, with a 36-month term of supervised release to follow, and ordered to pay restitution in the amount of $988.

Defendant began his term of supervised release on October 9, 2007. On September 22, 2008, I modified the conditions of his release by adding Special Condition No. 5, requiring him to participate in and complete anger management counseling. On November 21, 2009, defendant violated Mandatory Condition No. 1, prohibiting him from committing another federal, state or local crime, when he sexually assaulted a fifteen-year-old female, as evidenced by his conviction on March 1, 2010, for second degree sexual assault of a child (Circuit Court for Dane County Case No. 2009CF0001913) in violation of Wis. Stat. § 948.02(2). This offense is a Class C felony. Defendant was also convicted of false imprisonment in violation of Wis. Stat. § 940.30, which is a Class H felony. Defendant received a term of imprisonment of 17 years, to be followed by an extended supervision term of 13 years. On November 22, 2009, defendant violated Standard Condition No. 7, requiring him to refrain from excessive use of alcohol, and Special Condition No. 3, requiring him to abstain from the use of alcohol, as evidenced by his admission to a Madison, Wisconsin, police officer that he had consumed alcohol to the point of intoxication, and was booked into the Dane County jail with a breath alcohol content of .02.

Defendant's conduct falls into the category of a Grade A violation. Section 7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervised release

2

upon a finding of a Grade A violation.

## CONCLUSIONS

Defendant's violations warrant revocation.  Defendant's criminal history category is V.  With a Grade A violation, defendant has an advisory guideline term of imprisonment range of 30 to 37 months.  The statutory maximum to which defendant can be sentenced upon revocation is 36 months under 18 U.S.C. §3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than three years if the offense for which defendant was sentenced previously was a Class B felony.

After reviewing the non-binding policy statements of chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range.  The intent of this sentence is to hold defendant accountable for his violations while also protecting the community.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on August 23, 2006, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 15 months to run consecutively to his 17-year state term of imprisonment imposed in the Circuit Court for Dane County in Case No. 2009CF0001913. No term of supervised release shall follow.  Defendant does not have the financial means or

earning capacity to pay the cost of his incarceration.

Entered this 16th day of November 2010.

BY THE COURT:

/s/

BARBARA B. CRABB

District Judge